The People of the State of Illinois, Plaintiff-Appellee, *v.* Gilbert and Bennett Manufacturing Company, Defendant-Appellant.

(No. 59392; 

First District (5th Division)—December 13, 1974.

Joseph S. Wright, Jr., Clifton A. Lake, and Laurence A. McHugh, all of Chicago (Hackbert, Rooks, Pitts, Fullagar and Poust, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Paul P. Biebel, Jr., Melvyn A. Rieff, and Donald P. Smith, Assistant State's Attorneys, and Louis R. Hegeman, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from an $8900 fine imposed against it by the circuit court of Cook County for violating section 9(a) of the Environmental Protection Act. (Ill. Rev. Stat. 1971, ch. 111½, par. 1009(a).) Defendant contends that: (1) the fine was improper because compliance with Pollution Control Board Rules, established by an emission test, constitutes a prima facie defense for each and every day similar conditions exist; (2) the fine was improper because the trial court erred in ruling that its prima facie defense was rebutted; and (3) the fine violates due process of law and the Environmental Protection Act.

On January 8, 1973, the State filed a verified 17-count complaint against defendant alleging that its fence-post-coating operations were causing air pollution. Counts I and II sought to enjoin common-law statutory nuisances; Counts III through XVII sought fines for specific instances of air pollution in violation of section 9 of the Environmental Protection Act (Ill. Rev. Stat. 1971, ch. 111½, par. 1009). Defendant filed a verified answer which denied polluting the air. On February 14, 15 and 16, 1973, an evidentiary hearing was held on the State's motion for a preliminary injunction. As a result of this hearing, the court issued a preliminary injunction which it subsequently modified. Defendant then moved to dismiss the complaint, but before any action was taken, trial on the merits commenced.

At trial, the parties stipulated that the evidence taken at the hearing for the preliminary injunction would be considered in addition to other evidence adduced. Since the facts are not essentially in dispute we need not summarize the testimony of each witness. However, the following statement of facts is necessary to understand the case.

The State introduced evidence indicating that the odors and emissions from defendant's plant caused considerable physical irritation to the residents living near the plant and restricted those residents' use and enjoyment of their property. The State, primarily through the testimony of a number of residents of the area, was able to substantiate forty-three separate occasions when such hardships resulted. Those dates extended over the period of a year from April of 1972 to March of 1973. There were seven occasions in April; four in May; four in June; two in July; five in October; four in January; nine in February; and seven in March.

Defendant introduced evidence that it began its fence-post-coating operations in Blue Island in September of 1971 and operated without any pollution control equipment until February of 1972 when an electrostatic precipitator system was installed. This system did not operate satisfactorily and modifications in the system and in the chemical com-

pound for coating the fence posts were made at various times. On July 17, 1972 (which was not a day complained of by the State), at defendant's direction, a 9-hour emission test was conducted by an independent chemical engineering firm. Although the comprehensiveness of this test is subject to question, as a result of the test, the rate of organic emissions from defendant's stack was determined to be 2.49 pounds per hour. Other evidence, primarily the testimony of defendant's employees, indicated that while the emissions from the plant had once been severe, they were hardly a problem at all when the matter came to court.

Following the trial, the State amended its complaint to conform to the proofs, combining and amending Counts III through XVII of the original complaint into a single count. On the basis of the evidence presented, the court issued a permanent injunction against defendant. This injunction is not in issue here. Subsequently, after the parties briefed the question of imposing a fine, the court denied defendant's motion to dismiss Count III of the amended complaint which requested that a fine be imposed and fined defendant a total of $8900 ($500 for the first violation and $200 for each of 42 subsequent violations). Defendant appeals from the imposition of this penalty.

OPINION

Defendant first contends that the fine was improper because compliance with Pollution Control Board (PCB) Rules, established by an emission test, constitutes a prima facie defense for each and every day similar conditions exist. Defendant argues that it cannot be expected to conduct an emission test every day it operates and complains that the court erred in the consideration it gave to the emission test.

Section 49(e) of the Environmental Protection Act (Ill. Rev. Stat. 1971, ch. 111½, par. 1049(e)) provides:

> "Compliance with the rules and regulations promulgated by the Board under this Act shall constitute a prima facie defense to any action, legal, equitable, or criminal, or an administrative proceeding for a violation of this Act, brought by any person."

Defendant contends that its emissions test shows compliance with PCB Rule 205(f) which provides:

> "*Use of Organic Material.* No person shall cause or allow the discharge of more than 8 pounds per hour of organic material into the atmosphere from any emission source, except as provided in paragraphs (f)(1) and (f)(2) of this Rule 205 and the following: *Exception*: If no odor nuisance exists the limitation of this Rule 205(f) shall apply only to photochemically reactive material."

Therefore, defendant argues that a prima facie defense applicable to the instant charges has been established.

■■ In order to establish a prima facie defense pursuant to section 49(e), a defendant must establish compliance with all the applicable rules and regulations on the days the violations of the Act are alleged to have occurred. On the facts of the instant case, we do not believe such a defense was established. Here, the emissions test was not comprehensive; defendant did not prove compliance with all applicable regulations and rules; and, as the trial court noted in limiting the effect of the emissions test to the day of the test, the emissions test was not shown applicable to the days the violations were alleged to have occurred. Therefore, while section 49(e) does provide a prima facie defense, it was not established here. Therefore, we cannot say that the trial court erred in limiting the effect it gave to the defendant's emissions test.

■■ Defendant next contends that its prima facie defense was not rebutted. Even if we were to assume that defendant had established its prima facie defense, the law of Illinois is clear that a defense pursuant to section 49(e) is not a complete defense. (*Lloyd A. Fry Roofing Co. v. Pollution Control Bd.*, 20 Ill.App.3d 301, 310, 314 N.E.2d 350, 357.) A section 49(e) defense may be rebutted.

In the instant case, since defendant's evidence regarding the emissions test was taken at the hearing on the preliminary injunction and since the State presented further evidence at the trial on the merits, the State's evidence at the trial on the merits may be viewed as rebuttal evidence. However, aside from this fact, the State's evidence indicates that defendant violated the Act on numerous occasions both before and after the emissions test and both before and after the preliminary injunction was entered. We believe this evidence was sufficient to rebut defendant's prima facie defense even assuming that the defense had been sufficiently established.

■■ Defendant lastly contends that the fine violated due process of law and the Environmental Protection Act. Defendant argues that the trial court's interpretation deprived it of a statutory defense and subjects it to uncertainty regarding what is prohibited. While section 49(e) does provide a prima facie defense, it does not and was not intended to provide a complete and unrebuttable defense. (*Lloyd v. Fry Roofing Co. v. Pollution Control Bd.*, 20 Ill.App.3d 301, 310, 314 N.E.2d 350, 357.) In the instant case, not only was the defense not established, but even if it had been established, the State's evidence sufficiently rebutted it. Therefore, we cannot say that defendant was deprived of a statutory defense by the court's interpretation of section 49(e). Furthermore, we note

that the Illinois Supreme Court in *City of Monmouth v. Pollution Control Bd.*, 57 Ill.2d 482, 486-87, 313 N.E.2d 161, 163-64, upheld the constitutionality of section 9 of the Environmental Protection Act, holding that the section provided sufficient standards. Since defendant was charged with violating this same section and since the supreme court has determined that the standards established in that section are sufficient, we cannot say that defendant was subjected to any uncertainty regarding what conduct is expected of it.

Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DRUCKER and BARRETT, JJ., concur.